UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 07-80128-Cr-Hurley/Vitunac

18 U.S.C. § 1341
18 U.S.C. § 1343

UNITED STATES OF AMERICA,

    Plaintiff,

vs.

RANDY CRAIG LEVINE,
    a/k/a Craig Levine,
    a/k/a Randy Lovirne,

    Defendant.
_____/

FILED by _____ D.C.
AUG 21 2007
CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. - W.P.B

## INDICTMENT

The Grand Jury charges that:

### GENERAL ALLEGATIONS

At all times relevant and material to this indictment:

1. The "spread" is a betting term used to describe the amount of points by which one team is predicted to beat another team.

2. A "pick" is a betting term for wagering advice which may include the projected winner of the contest and/or the projected winner against the "spread."

3. A "handicapper" is a term referring to one who purports to analyze a sporting event and provides a "pick."

4. Baseballpicks.net, nflfootballpicks.tv, and

nbabasketballpicks.net were internet websites which described handicappers expertise in picking winners. These websites offered to give a free sports betting tip to persons who submitted their names, telephone numbers and e-mail addresses at the website.

## COUNTS 1-29

## WIRE FRAUD

5. The General Allegations section of this Indictment is realleged and incorporated by reference as though fully set forth herein.

6. From in or about 1999, through in or about July 2004, the exact dates being unknown, at Palm Beach County, in the Southern District of Florida, and elsewhere, the defendant,

**RANDY CRAIG LEVINE,**
**a/k/a Craig Levine,**
**a/k/a Randy Lovirne,**

did knowingly and willfully devise and intend to devise a scheme and artifice to defraud and for obtaining money and property by means of materially false and fraudulent pretenses, representations and promises, knowing that the pretenses, representations and promises were false when made.

## OBJECT OF THE SCHEME TO DEFRAUD

7. It was the object of the scheme and artifice to defraud for the defendant to unlawfully enrich himself by lying to people in order to induce them to open gambling accounts, and then using the monies for personal gain.

## MANNER AND MEANS OF THE SCHEME TO DEFRAUD

The manner and means by which the defendant sought to accomplish the object of the fraudulent scheme and artifice to defraud included, among others, the following:

8. It was a part of the scheme and artifice to defraud that the defendant operated various sports pick websites, including Baseballpicks.net, nflfootballpicks.tv, and nbabasketballpicks.net.

9. It was a further part of the scheme and artifice to defraud that the defendant, through the website, would describe his and other handicappers expertise in picking winners. The website then offered to give a free sports betting tip to persons who submitted their names, telephone numbers and e-mail addresses at the website.

10. It was a further part of the scheme and artifice to defraud that the persons responding at the website were thereafter contacted, given the free pick and solicited to subscribe to a "picks" service. Moreover, those who responded were also solicited to open what purported to be a gambling account. Persons were told that they would be given free credits in the account in an amount up to or matching their initial deposit. The persons were also told that the deposits into the purported gambling accounts were to be used to make bets on sporting events and to maintain their winnings.

11. It was a further part of the scheme and artifice to

defraud that the defendant would instruct that the money be sent to him primarily via Western Union.

12. It was a further part of the scheme and artifice to defraud that the monies sent as deposits into the gambling accounts were actually kept by the defendant and not deposited into any gambling account belonging to the victim.

13. It was a further part of the scheme and artifice to defraud that when victims inquired about their gambling accounts, they were presented with fictitious balances. When a victim wished to close the account, the defendant stalled the victims by, among other things, requiring account closing fees, and using false names and voices.

### ACTS IN EXECUTION OF THE SCHEME TO DEFRAUD

14. On or about the dates specified as to each count, the defendant, for the purpose of executing and in furtherance of the aforesaid scheme and artifice to defraud and for obtaining money and property by means of materially false and fraudulent pretenses, representations and promises, and attempting to do so, did knowingly transmit and cause to be transmitted, by means of wire communications in interstate and foreign commerce, certain writings, signs, signals, pictures and sounds, as more particularly described in each count below:

| COUNT | DATE | DESCRIPTION OF WIRE COMMUNICATION |
|---|---|---|
| 1 | April 9, 2002 | A telephone call from the defendant in Florida, to K.S. in San Jose, California. |
| 2 | April 10, 2002 | A wire transfer of $16,000 from K.S., in San Jose, CA, via K.S.'s bank account at Bank of New York, to the Bank of America account of the defendant in Boca Raton, FL. |
| 3 | April 10, 2002 | A wire transfer of $20,000 from K.S., in San Jose, CA, via K.S.'s bank account at Bank of New York, to the Bank of America account of the defendant in Boca Raton, FL. |
| 4 | April 11, 2002 | A wire transfer of $14,000 from K.S., in San Jose, CA, via K.S.'s bank account at Bank of New York, to the Bank of America account of the defendant in Boca Raton, FL. |
| 5 | April 11, 2002 | A wire transfer of $8,820 from K.S., in San Jose, CA, via K.S.'s bank account at Bank of New York, to the Bank of America account of the defendant in Boca Raton, FL. |
| 6 | April 12, 2002 | A wire transfer of $13,500 from K.S., in San Jose, CA, via K.S.'s bank account at Bank of New York, to the Bank of America account of the defendant in Boca Raton, FL. |
| 7 | July 5, 2002 | The defendant caused an e-mail to be sent from Florida, via arubarefundcenter@yahoo.com, through Yahoo servers outside of Florida, to D.H. in Apopka, FL. |
| 8 | September 14, 2002 | An e-mail was sent by L.T. in Garland TX, to the defendant in Florida, via the defendant's e-mail, info@nflfootballpicks.tv. |

| 9 | September 16, 2002 | A wire transfer from L.T. of $600 via Western Union offices in Garland, TX to the defendant in Boca Raton, Florida. |
|---|---|---|
| 10 | September 16, 2002 | A telephone call from the defendant in Florida, to L.T. in Garland, TX. |
| 11 | September 18, 2002 | A wire transfer from L.T. of $400 via Western Union offices in Garland, TX to the defendant in Boca Raton, FL. |
| 12 | September 18, 2002 | An e-mail from the defendant in Florida to L.T. in Garland, TX via mariofricano@yahoo.com. |
| 13 | September 18, 2002 | A telephone call by the defendant from Florida to L.T. in Garland, TX. |
| 14 | January 22, 2003 | An e-mail was sent by D.D. in Bay City, Michigan, to the defendant in Florida, via the defendant's e-mail, info@nbabasketballpicks.net. |
| 15 | January 30, 2003 | A wire transfer from D.D. of $176 via Western Union offices in Essexville, Michigan to the defendant in Boca Raton, FL. |
| 16 | February 3, 2003 | A telephone call by the defendant from Florida to D.D. in Bay City, Michigan. |
| 17 | February 3, 2003 | A wire transfer from D.D. of $1,401 via Western Union offices in Essexville, Michigan to the defendant in Boca Raton, FL. |
| 18 | February 4, 2003 | A wire transfer from D.D. of $1,500 via Western Union offices in Bay City, Michigan to the defendant in Boca Raton, FL. |
| 19 | February 6, 2003 | A wire transfer from D.D. of $2,675 via Western Union offices in Bay City, Michigan to the defendant in Boca Raton, FL. |

| 20 | February 6, 2003 | A wire transfer from D.D. of $2,881 via Western Union offices in Bay City, Michigan to the defendant in Boca Raton, FL. |
| --- | --- | --- |
| 21 | February 6, 2003 | A wire transfer from D.D. of $2,881 via Western Union offices in Bay City, Michigan to the defendant in Boca Raton, FL; the subject of this count being different from the previous count. |
| 22 | May 6, 2003 | A telephone call from the defendant in Florida to V.K., in Woodland Hills, CA. |
| 23 | May 7, 2003 | An e-mail to V.K., in Woodland Hills, CA from the defendant in Florida via the defendant's e-mail info@nbabasketballpicks.net. |
| 24 | May 8, 2003 | A wire transfer of $7,000 from V.K., in Woodland Hills, CA, via V.K.'s bank account at Citibank, to the Bank of America account of the defendant in Boca Raton, FL. |
| 25 | April 22, 2004 | A wire transfer from P.K. of $1,200 via Western Union offices in Bridgeton, Missouri to the defendant in Boca Raton, FL. |
| 26 | April 23, 2004 | A wire transfer from P.K. of $1,800 via Western Union offices in Bridgeton, Missouri to the defendant in Boca Raton, FL. |
| 27 | May 4, 2004 | The defendant, in Florida, caused an e-mail to be sent through info@nbabasketballpicks.net, to P.K. in Peru, Illinois. |
| 28 | May 4, 2004 | A wire transfer from P.K. of $918 via Western Union offices in Bridgeton, Missouri to the defendant in Boca Raton, FL. |

| 29 | May 14, 2004 | The defendant, in Florida, caused an e-mail to be sent through Miragesportsbook03@Yahoo.com, to P.K. in Peru, Illinois. |

All in violation of Title 18, United States Code, Sections 1343 and 2.

### COUNT 30

### MAIL FRAUD

15. The allegations contained in paragraphs 1 through 4 and 7 through 13 are re-alleged and incorporated by reference as if fully set forth herein.

16. From in or about 1999, through in or about July 2004, in Palm Beach County, in the Southern District and of Florida and elsewhere, the defendant,

**RANDY CRAIG LEVINE,**
a/k/a Craig Levine,
a/k/a Randy Lovirne,

did knowingly and willfully devise and intend to devise a scheme and artifice to defraud and for obtaining money and property by means of materially false and fraudulent pretenses, representations and promises, knowing that the pretenses, representations and promises were false when made.

17. On or about March 19, 2004, the defendant, for the purposes of executing the aforesaid scheme and artifice to defraud and for obtaining money and property by means of materially false and fraudulent pretenses, representations and promises, and

attempting to do so, did knowingly cause to be delivered by private and commercial interstate carrier, notably Federal Express, according to the direction thereon, mail matter addressed to Randy Levine, 3700 S. Ocean Boulevard, #807, Highland Beach, FL 33487, containing five $500.00 Western Union/Seven-Eleven money orders payable to Pacific Oriental.

All in violation of Title 18, United States Code, Sections 1341 and 2.

A true bill.

Foreperson

R. ALEXANDER ACOSTA
UNITED STATES ATTORNEY

KERRY S. BARON
ASSISTANT UNITED STATES ATTORNEY

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA

vs.

RANDY CRAIG LEVINE,
   a/k/a Craig Levine,
   a/k/a Randy Lovirne,

        Defendant.
_____/

CASE NO. 07-80128-CR-Hurley/Vitunac

## CERTIFICATE OF TRIAL ATTORNEY*

**Superseding Case Information:**

New Defendant(s)    Yes ___ No ___
Number of New Defendants ___
Total number of counts ___

**Court Division:** (Select One)

___ Miami    ___ Key West
___ FTL    _X_ WPB    ___ FTP

I do hereby certify that:

1. I have carefully considered the allegations of the indictment, the number of defendants, the number of probable witnesses and the legal complexities of the Indictment/Information attached hereto.

2. I am aware that the information supplied on this statement will be relied upon by the Judges of this Court in setting their calendars and scheduling criminal trials under the mandate of the Speedy Trial Act, Title 28 U.S.C. Section 3161.

3. Interpreter: (Yes or No)    NO
   List language and/or dialect _____

4. This case will take __5__ days for the parties to try.

5. Please check appropriate category and type of offense listed below:
  (Check only one)              (Check only one)

| | | | | |
|---|---|---|---|---|
| I | 0 to 5 days | _X_ | Petty | ___ |
| II | 6 to 10 days | ___ | Minor | ___ |
| III | 11 to 20 days | ___ | Misdem. | ___ |
| IV | 21 to 60 days | ___ | Felony | _X_ |
| V | 61 days and over | ___ | | |

6. Has this case been previously filed in this District Court? (Yes or No)   NO
If yes:
Judge: _____ Case No. _____
(Attach copy of dispositive order)
Has a complaint been filed in this matter? (Yes or No)   NO
If yes:
Magistrate Case No.   N/A
Related Miscellaneous numbers:   05-80089-CR-Cohn
Defendant(s) in federal custody as of   N/A
Defendant(s) in state custody as of   N/A
Rule 20 from the _____ District of _____

Is this a potential death penalty case? (Yes or No)   NO

7. Does this case originate from a matter pending in the U.S. Attorney's Office prior to April 1, 2003? ___ Yes _X_ No

8. Does this case originate from a matter pending in the U.S. Attorney's Office prior to April 1, 1999? ___ Yes _X_ No
If yes, was it pending in the Central Region? ___ Yes ___ No

9. Does this case originate from a matter pending in the Northern Region of the U.S. Attorney's Office prior to October 14, 2003? _X_ Yes ___ No

10. Does this case originate from a matter pending in the Narcotics Section (Miami) prior to May 18, 2003? ___ Yes _X_ No

                           _____
                           KERRY S. BARON
                           ASSISTANT UNITED STATES ATTORNEY
                           Admin No.: A5500073

*Penalty Sheet(s) attached

REV.1/14/04

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

PENALTY SHEET

Defendant's Name: **RANDY CRAIG LEVINE,**
a/k/a Craig Levine
a/k/a Randy Lovirne

Case No: 07-80128-Cr-Hurley/Vitunac

Counts #: 1 - 7

18 USC § 1343

Wire Fraud

\* Max. Penalty: 5 Years Imprisonment; $250,000.00 Fine

Counts #: 8 - 29

18 USC § 1343

Wire Fraud

\*Max. Penalty: 20 Years Imprisonment; $250,000.00 Fine

Count #: 30

18 USC § 1341

Mail Fraud

\*Max. Penalty: 20 Years Imprisonment; $250,000.00 Fine

Count #:

\*Max. Penalty:

\*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

## BOND RECOMMENDATION

DEFENDANT:     RANDY CRAIG LEVINE,
               a/k/a Craig Levine
               a/k/a Randy Lovirne

RECOMMENDATION:     Pretrial Detention

KERRY S. BARON
ASSISTANT UNITED STATES ATTORNEY